# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **FASHUN OU** | * | **CIVIL ACTION NO. 06-1373** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by *pro se* Petitioner Fashun Ou ("Ou") on August 11, 2006. For reasons stated below, it is recommended that Ou's petition be **DISMISSED without prejudice.**

## BACKGROUND[1]

Ou is a native and citizen of the Peoples Republic of China. Ou entered the United States in 1986 and was removed that same year. On July 3, 1987, Ou re-entered the United States without inspection at or near San Diego, California. Ou was given a full deportation hearing in which he was allowed to apply for asylum and relief. An immigration judge denied Ou's applications for asylum and withholding and suspension of deportation on November 23, 1998, and granted him until December 23, 1998, to voluntarily depart the United States. Ou appealed the immigration judge's decision, which was affirmed by the Board of Immigration Appeals ("BIA") on March 14, 2003.[2] On July 7, 2003, the BIA granted Ou's motion to reopen his proceedings based on his claim that he was now eligible to adjust his status and become a legal

---

[1] Because this is the second Petition for Writ of *Habeas Corpus* that Ou has filed, the following facts are compiled not only from the record in the current action, but also from the record accompanying first petition, Civil Action No. 06-0102.

[2] Ou's Post Order Custody Review Worksheet originally indicated that he was under final removal order as of March 13, 2003; however, such was scratched out and "No Final Order" was written.

resident of the United States. On August 27, 2003, the immigration court terminated Ou's deportation proceedings so Ou could pursue his application for adjustment of status. On May 18, 2004, Ou was convicted in the United States District Court for the District of New Mexico of Conspiracy to Transfer False Identification Documents and Furnish False Information in Obtaining Social Security Cards and Encouraging Aliens to Reside in the United States Illegally. Ou received a 24-month sentence. On July 5, 2005, Ou was taken into custody by the United States Bureau of Immigration and Customs Enforcement ("ICE"). On August, 8, 2005, Ou was served with a Form I-229 Warning for Failure to Depart.

On January 13, 2006, Ou filed a Petition for Writ of *Habeas Corpus* in this Court alleging that he was subject to a final order of removal in August 2005 and his continued detention, in excess of six months after the issuance of the final order of removal, was unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Civil Action No. 06-0102. In response to Ou's petition, the Government provided the Declaration of Deportation Officer Jim D. Thorp stating that Ou's final order of removal was issued on December 6, 2005, and that therefore Ou had not been detained for six months since his final order of removal was issued. Ou responded by providing documentation which appears to show that a final order of removal was issued prior to August 2005. Ou provided an "ICE Detention & Removal Operations Atlanta Field Office" worksheet that was signed by a Case Officer on August 4, 2005, stating that a deportation order had previously been issued and the Government was waiting on travel documents. Ou also submitted a "Decision to Continue Detention" signed and dated by John A. Mata on October 7, 2005, stating that Ou would not be released pending deportation[3] and that the Consulate of The People's Republic of China was in the process of issuing his travel document. The undersigned ordered

---

[3]Citing Ou's criminal conviction for aiding aliens in remaining in the United States illegally, ICE continued Ou's detention based on the finding that he is a flight risk due to his disregard for the immigration laws and regulations of the United States.

the Government to respond to Ou's allegations. The Government responded and provided documentation that Ou's Final Administrative Removal Order was issued on December 6, 2005.

Terry Bird, chief counsel for the ICE Atlanta Field Office, speculated as to the discrepancies alleged in the dates provided by Ou. Mr. Bird stated that a deportation officer may have requested a travel document for Ou in August 2005 based on Ou's previous deportation proceedings. Mr. Bird stated that according to notes placed in their system in November 2005, there was no copy of the immigration judge's order or the BIA motion to reopen order in the file. Mr. Bird speculated that the prior deportation officer may not have been aware that the BIA had reopened the deportation proceedings and that the immigration court had terminated those proceedings. Regardless of the reasons, it is clear from the documentation provided by the Government that Ou's removal order became final on December 6, 2005.[4]

According to Ou's Post Order Custody Review Worksheet ("POCR"), originally completed October 7, 2005, but updated to reflect recent developments, a travel document request was sent to the Chinese Consulate at Houston, Texas, on August 16, 2005. On September 30, 2005, ICE contacted the Consulate regarding the status of the travel document request and was informed that pertinent checks were being conducted by the Chinese government in order to determine Ou's nationality. On April 17, 2006, a request for assistance in obtaining a travel document was sent to ICE Headquarters. On June 9, 2006, the Chinese Consulate notified ICE that Chinese official were unable at that time to verify Ou's identity with his household registry documents. On September 21, 2006, ICE Headquarters contacted the Chinese Embassy and was informed that Ou's identity had not been verified. The POCR notes that "a telephonic interview will have to be conducted ASAP." The POCR also denotes a special circumstance

---

[4] Thus, this Court dismissed Ou's previous petition on June 27, 2006, because he had not been detained beyond the presumptive six-month period.

under 8 C.F.R. 241.14.[5]

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6), the post-removal-order detention statute, implicitly limits an immigrant's detention to a period reasonably necessary to bring about that immigrant's removal. *Id.* at 688-98. The Court noted that the statute does not permit indefinite detention; the "reasonably necessary" detention period should be limited to six months after the removal order becomes final. *Id.* at 697-702. After that six month period expires, and the immigrant demonstrates that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must furnish sufficient rebuttal evidence. *Id.*

In this case, while the presumptively reasonable six-month detention period has expired, Ou has failed to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future. The lapse of the presumptive detention period, by itself, does not mandate release, *see Zadvydas*, 533 U.S. at 701, and the petitioner must still give good reason to believe that his removal is unlikely in the foreseeable future. Here, the Government has demonstrated that it is engaged in ongoing efforts to obtain Ou's travel documents from the People's Republic of China, and there is no indication that China has refused to issue travel documents for Ou. Therefore, Ou has failed to provide good reason to believe that his removal is

---

[5]The special circumstance is as follows: "Detention of Aliens Determined to be Specially Dangerous [8 C.F.R. § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future."

4

unlikely in the foreseeable future, and therefore his continued detention pending removal is constitutional at this time.[6] Thus, it is recommended that his petition be **DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 11th day of December, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

[6] Ou relies on 8 C.F.R. § 241.14(f), which sets forth the procedural requirements the Government must comply with in order to detain an alien determined to be specially dangerous despite the fact that there is no significant likelihood of removal in the reasonably foreseeable future. However; having determined that Ou has failed to demonstrate that there is no significant likelihood that he will be removed in the reasonably foreseeable future, his reliance on 8 C.F.R. § 241.14(f) is misplaced.

5